FILED 09 JAN '26 09:31 USDC-ORE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JESSICA N. BRIDGES and ROBERT D. BRIDGES,<br>Plaintiffs,<br><br>vs.<br><br>KEIR MILLER, LUIS SORIA, GARY DARNIELLE and LANE COUNTY, OREGON.<br><br>Defendants. | Case No.: 6:26-CV-00051-AA<br><br>COMPLAINT – BREACH OF DUE PROCESS (42 USC Section 1983 et seq)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs allege:

I.

This is an action seeking declaratory relief and damages against Defendants for certain amounts as a result of a constitutional tort based upon 42 USC Section 1983 et seq, including Section 1988, for denial of due process under the Fourteenth Amendment of the United States Constitution. This court has jurisdiction of this matter pursuant to 28 USC Section 1331, 28 USC Section 1343 (a)(3) and 28 USC Section 1367. Venue is proper because the events giving rise to this claim occurred in the District.

II.

Plaintiffs are husband and wife, and are residents at the real property located at 83821 N. Enterprise Rd in Lane County Oregon. Plaintiffs are also owners of a parcel of real property adjacent



# 15809

to said residence described as Lane County Assessor's Map and Tax Lot 19-02-03-00-00700, hereinafter Tax Lot 700.

III.

Defendants KEIR MILLER, LUIS SORIA, and GARY DARNIELLE were at all material times herein state actors, employees of Defendant, LANE COUNTY, and acting in the course and scope of their employment therein pursuant to Defendant LANE COUNTY'S usual customs, practices and policies.

IV.

Defendant LANE COUNTY is a county, and a duly constituted governmental entity in the State of Oregon and at all material times herein was a state actor and was acting pursuant to it's usual customs, practices and policies.

V.

Defendant LANE COUNTY claims a civil penalty against Plaintiffs and a lien on Tax Lot 700 in an amount of $54,600 as of July 18, 2024 as a result of Plaintiffs alleged violation of Lane Code 9.057.582 Nuisance Vehicle Storage.

VI.

Defendants, and each of them, acted to obtain said civil penalty and lien against Plaintiffs, and thereby deprive Plaintiffs of their property by failing to provide them with adequate notice of the assessment of civil penalty and opportunity to contest same. Said notice was attempted by way of a Notice of Failure to Comply, dated December 18, 2023, which was defective on its face as it incorrectly stated that compliance with Lane Code 9.057.582 required Plaintiffs to remove ALL their inoperable vehicles from their property while the actual code section allows property owners three inoperable vehicles plus any vehicles stored in connection with a lawfully conducted business.

Further the service of said Notice was not reasonably calculated by Defendants under all the circumstances to apprise Plaintiffs of the assessment of the civil penalty and their opportunity to contest same as:

a. Defendants never attempted to individually serve each of the Plaintiffs with their own notice. Rather Plaintiffs were sent only one "joint" notice addressed to them as follows: Jessice N. and Robert D. Bridges.

b. The one joint notice that was sent was not sent by certified mail "restricted delivery."

c. Upon return of the joint notice by the Post Office that could not be delivered the Defendants did not take any reasonable further measures to actually notify each of the Plaintiffs of their opportunity to contest the civil penalty.

VII.

Plaintiffs have each suffered actual damages, in an amount to be determined at trial as a result of the violations referred to above and are entitled to recover same from each of the Defendants. In addition, Plaintiffs are entitled to injunctive and declaratory relief and their reasonable attorney fees as Plaintiffs intend to try to obtain the services of an attorney in this proceeding. Plaintiffs are entitled to the relief in this paragraph pursuant to 42 USC Section 1983 et seq, including Section 1988.

VIII.

Plaintiffs demand a jury trial.

WHEREFORE Plaintiffs prays for joint and several Judgment against Defendants, and each of them for the following sum:

a. Plaintiffs' attorney fees incurred herein;

b. Plaintiffs' actual damages and

c. Plaintiffs' costs and disbursements incurred herein.

In addition, Plaintiffs pray for a Judgment against Lane County declaring that the civil penalties and lien referred to above are null and void; and ordering said defendant to remove them from any public record and to notify all credit bureaus of said judgment in a manner to be more fully set forth at trial.

//

Dated this 8th day of January, 2026

Jessica N. Bridges
83821 N. Enterprise Rd.
Pleasant Hill, OR 97455
541-331-1273
Hockey_princess2@yahoo.com

Robert D.Bridges
83821 N. Enterprise Rd.
Pleasant Hill, OR 97455
541-331-4158
rbridges0713@gmail.com