**Robert E. Franz, Jr.** OSB #730915
E-Mail: rfranz@franzlaw.comcastbiz.net
**Sarah R. Henderson** OSB #153474
E-Mail: shenderson@franzlaw.comcastbiz.net
FRANZ & HENDERSON
P.O. Box 62
Springfield, OR 97477
Telephone: (541) 741-8220
Attorneys for Defendant Gary Darnielle

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JESSICA N. BRIDGES and ROBERT D. BRIDGES,**<br>Plaintiffs,<br>v.<br>**KEIR MILLER, LUIS SORIA, GARY DARNIELLE and LANE COUNTY, OREGON,**<br>Defendants. | Case No. 6:26-cv-00051-AA<br>**Answer to Plaintiffs' Complaint** by Defendant Gary Darnielle<br>**DEMAND FOR JURY TRIAL** |

COMES NOW Defendant Gary Darnielle by and through his attorneys, Franz & Henderson, and for answer to Plaintiffs' Complaint on file herein, hereby alleges as follows:

1.

Defendant Gary Darnielle denies each and every allegation of Plaintiffs' Complaint for the reasons that the allegations are not true; or that the allegations

are improper opinions and conclusions of law; or that he has no personal knowledge of the allegations as they do not involve him; or for the reason that he does not yet have sufficient information to form a belief as to the truth or falsity of the Plaintiffs' allegations; and therefore, denies all of them at this time.

• • • • • • • • • • • • •

FOR HIS FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

2.

Plaintiffs' claims fail to state sufficient facts upon which relief can be granted; and therefore, all claims must be dismissed.

• • • • • • • • • • • • •

FOR HIS SECOND, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

3.

At all relevant times, Defendant Darnielle acted within the scope of his duties as a neutral hearings officer performing judicial and/or quasi-judicial and/or adjudicative functions and acted in a contested code-enforcement proceedings and hearing. Therefore, Darnielle is entitled to absolute judicial immunity and/or quasi-judicial immunity.

• • • • • • • • • • • • •

FOR HIS THIRD, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

4.

To the extent any act or involvement is deemed non-adjudicative, Defendant Darnielle is entitled to qualified immunity because his conduct did not violate clearly established statutory or constitutional rights of which a reasonable official would have known.

• • • • • • • • • • • • •

FOR HIS FOURTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

5.

The decisions and actions referred to in Plaintiffs' Complaint on file herein were decisions of a governing body of a municipal entity acting in a judicial or quasi-judicial capacity, and made in the transaction of municipal business; therefore, Plaintiffs' exclusive remedy for their claims was to file a writ of review as set forth in ORS 34.102 and not otherwise. Because Plaintiffs failed to file a writ of review within the appropriate time limits, all of their claims are now barred.

• • • • • • • • • • • • •

FOR HIS FIFTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

6.

The Oregon Tort Claims Act and the statutory laws of the State of Oregon provide Plaintiffs with proper due process of law and an adequate remedy for their alleged injuries; therefore, Plaintiffs have not been denied due process of law and cannot maintain an action based upon 42 U.S.C. § 1983.

• • • • • • • • • • • • •

FOR HIS SIXTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

7.

Plaintiffs' claims are barred by the doctrines of res judicata, claim preclusion, issue preclusion and/or collateral estoppel to the extent that none of the decisions made by Defendant Darnielle have ever been appealed to or reversed by any governing body or court of law, and/or appealed to, reviewed by, or reversed

by an administrative agency or a court of law; therefore, such decisions complained of are binding upon the Plaintiffs as valid and lawful, and cannot now be collaterally reviewed or reversed by this Court.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS SEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

8.

Plaintiffs lack standing to obtain injunctive or declaratory relief.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS EIGHTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

9.

Plaintiffs' claims are barred in whole or in part by applicable statutes of limitation to the extent their claims accrued outside the statute of limitations period applicable to their claims.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS NINTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

10.

Plaintiffs' alleged damages should be reduced or barred because they failed to take reasonable steps to mitigate any alleged damages.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS TENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

11.

Plaintiffs, or either one of them, lack standing to bring their claims to the extent they do not possess an ownership interest in one or both of the parcels of land at issue.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS ELEVENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

12.

At all relevant times, Defendant Darnielle acted in good faith within the scope of his discretionary authority and consistent with applicable law and procedures.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS TWELFTH FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

13.

To the extent Plaintiffs' Complaint is intended to assert state law claims, those claims are barred for failure to provide timely and sufficient written notice of claim in compliance with ORS 30.275.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS THIRTEENTH FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

14.

Plaintiffs' Complaint must be dismissed for insufficient service of process.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS FOURTEENTH FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

15.

Plaintiffs' claims are barred for their failure to timely exhaust administrative and legal rights and remedies available to them under the code of Lane County, and for their failure to timely follow the requirements and procedures set forth in the County Code, or seek a review or an appeal of any of their claims and contentions on file herein or any of the County's decisions the Plaintiffs now complain of herein through the required procedures set forth in the codes of Lane County.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS FIFTEENTH FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

16.

Plaintiffs' own actions or omissions contributed to the alleged damages they now claim to have suffered.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS SIXTEENTH FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

17.

Defendant Darnielle reserves the right to amend or assert additional defenses, including those arising from discovery, pretrial motions, or matters of law.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS SEVENTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

18.

Plaintiff's claims are barred by claim and issue preclusion and the doctrine of merger of judgments and orders, including the applications of such doctrines to the fact that the Plaintiffs failed to raise the issues now being raised in their complaint on file herein in the prior proceedings involving the Plaintiffs and Defendants.

● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS EIGHTEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

19.

The issues raised by the Plaintiffs are issues of state and local law and there is deemed currently a pending action to resolve those issues, or Plaintiffs could have resolved the issues by seeking review in state court; therefore, this case must be dismissed pursuant to the *Pullman* abstention doctrine.

● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS NINETEENTH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

20.

The issues raised by the Plaintiffs are issues of state law and local law and there is deemed currently a pending action to resolve those issues, or Plaintiffs could have resolved the issues by seeking review in state court; therefore, this case must be dismissed pursuant to the *Younger* abstention doctrine.

● ● ● ● ● ● ● ● ● ● ● ● ●

FOR HIS TWENTIETH, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

21.

This Court lacks jurisdiction of this case under the *Rooker-Feldman* doctrine because it does not have jurisdiction to review and change the decisions that have been already made in this case, and that has already resulted in a judgment. Therefore, this case must be dismissed.

• • • • • • • • • • • • •

FOR HIS TWENTY-FIRST, FURTHER AND SEPARATE ANSWER BY WAY OF AFFIRMATIVE DEFENSE, Defendant Gary Darnielle alleges as follows:

22.

Plaintiffs have waived any right to challenge or contest the decisions of the Defendants having failed to first timely avail themselves of the remedies made available by the laws, rules, and ordinances of Lane County and the State of Oregon to contest, challenge, or appeal the same.

• • • • • • • • • • • • • • •

**WHEREFORE**, having fully answered Plaintiffs' Complaint on file herein, Defendant Gary Darnielle prays that Plaintiffs' Complaint be dismissed with prejudice, and that he has judgment in his favor, and against the Plaintiffs, for his costs and disbursements incurred herein, together with reasonable attorney fees to be fixed by the Court pursuant to 42 U.S.C. § 1983.

DATED: Wednesday, March 18, 2026.

Respectfully submitted,

By: /s/ Sarah R. Henderson
**Sarah R. Henderson**
OSB No. 153474
FRANZ & HENDERSON

shenderson@franzlaw.comcastbiz.net
(541) 741-8220
**Attorney for Defendant Gary Darnielle**

**Jury Trial Demand:**
**Gary Darnielle**
hereby demands trial by jury
pursuant to FRCP 38(b).

/s/ Sarah R. Henderson
Sarah R. Henderson OSB #153474
Attorneys for Defendant Gary Darnielle