MALLORY R. BEEBE, OSB #115138
mallory.beebe@lanecountyor.gov
LANE COUNTY OFFICE OF LEGAL COUNSEL
125 East Eighth Avenue
Eugene, OR 97401-2992
Phone: (541) 682-4442
*Of Attorneys for Lane County, Keir Miller, and
Luis Soria*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JESSICA N. BRIDGES and ROBERT D. BRIDGES, | Case No. 6:26-cv00051-AA |
| Plaintiffs, | DEFENDANTS MILLER, SORIA, AND LANE COUNTY'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| KEIR MILLER, LUIS SORIA, GARY DARNIELLE and LANE COUNTY, OREGON, | REQUEST FOR ORAL ARGUMENT |
| Defendants. | |

## I.     CERTIFICATE PURSUANT TO LOCAL RULE 7-1

As required by Local Rule 7-1(a), counsel for Defendants Lane County, Keir Miller, and Luis Soria certifies that they conferred with Plaintiff, Robert Bridges (on behalf of both Plaintiffs) by telephone on March 16, 2026 and made good-faith efforts to resolve the issues presented by this motion but were unable to do so.

## II.     MOTION

Defendants Lane County, Keir Miller, and Luis Soria hereby move to dismiss the claim brought by Plaintiffs Jessica N. Bridges and Robert D. Bridges pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' claim is barred by the statute of limitations.

## III.     MEMORANDUM OF LAW

### A.     <u>Allegations in Complaint</u>

Plaintiffs, Jessica N. Bridges and Robert D. Bridges ("Plaintiffs") originally filed this action on January 9, 2026. ECF No. 1 (hereafter "Compl."). Plaintiffs own and reside at the real property located at 83821 N. Enterprise Road in Lane County. Compl. ¶ II. Plaintiffs assert that Lane County assessed a lien in the amount of $54,600 on July 18, 2024 for violations of Lane Code 9.057.582 for nuisance vehicle storage. *Id*. ¶ V. Plaintiffs allege that the Defendants obtained a civil penalty and lien which deprived them of their property, without adequate notice or opportunity to contest the same. *Id*. ¶ VI. Plaintiffs assert that a December 18, 2023 Notice of Failure to Comply was defective on its face. *Id*. Plaintiffs also claim that service of this notice was not reasonably calculated to apprise them of the assessment of the civil penalty and their opportunity to contest it. *Id*. Plaintiffs seek an unidentified amount of damages, injunctive and

declaratory relief, and reasonable attorney's fees, despite not currently having an attorney. *Id*. ¶ VII.

**B.** **Legal Standard**

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

In evaluating a motion to dismiss, the Court must accept the allegations of material facts as true and construe those allegations in the light most favorable to the non-moving party. *Taylor*, 780 F.3d at 935. Significantly though, the Court need not accept as true legal conclusions or legal argument couched as factual allegations. *Iqbal*, 556 U.S. at 678–79 (a court does not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations.") "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Moreover, the Court may "reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013). Additionally, a "plaintiff may plead herself out of court" if they plead facts which establish that they cannot prevail on their claim. *Weisbuch v. Cty. of Los*

*Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

**C.**     **Argument**

**1.**     **Request for Judicial Notice**

Pursuant to Federal Rule of Evidence 201(c)(2), Lane County requests that the Court take judicial notice of the following:

1.  A Certified Mail Receipt showing mailing of an Order to Comply dated May 18, 2023 to Jessica Bridges at her address of 83821 N. Enterprise Rd., Pleasant Hill, OR 97455, along with the Certified Mail Return Receipt showing that the Order was received on May 20, 2023 by a person representing themselves as an agent of Jessica Bridges at Jessica Bridges' residence, 83821 N. Enterprise Rd., Pleasant Hill, OR 97455. For the Court's convenience, this is attached as Exhibit 1 to the Declaration of Mallory R. Beebe, filed herewith. Beebe Decl. Ex. 1.

2.  A Certified Mail Receipt showing mailing of an Order to Comply dated September 1, 2023 to Jessica and Robert Bridges at their address of 83821 N. Enterprise Rd., Pleasant Hill, OR 97455, along with the Certified Mail Return Receipt with a label from the United States Postal Service which states "RETURN TO SENDER, REFUSED, UNABLE TO FORWARD" dated September 17, 2023. For the Court's convenience, this is attached as Exhibit 2 to the Declaration of Mallory R. Beebe, filed herewith. Beebe Decl. Ex. 2.

3.  A Certified Mail Receipt showing mailing of an Order of Civil Penalty dated January 9, 2024 to Jessica and Robert Bridges at their address of 83821 N. Enterprise Rd., Pleasant Hill, OR 97455, along with the Certified Mail Return Receipt with a label

from the United States Postal Service which states "RETURN TO SENDER" dated January 20, 2024. For the Court's convenience, this is attached as Exhibit 3 to the Declaration of Mallory R. Beebe, filed herewith. Beebe Decl. Ex. 3.

It is wholly within the Court's authority to take judicial notice of a "fact that is not subject to reasonable dispute because it [ ] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Here, it is appropriate for the Court to take judicial notice of the certified mail receipts, as they standardized forms from the United States Postal Service and their accuracy cannot reasonably be questioned. For example, in *Hernandez v. Houdini, Inc.*, No. SA CV 16-1825-DOC (JCGx), 2017 WL 8223987, at *3 (C.D. Cal. Mar. 21, 2017), the Court took judicial notice of a copy of a United States Postal Service certified mail receipt. *See also Shiferaw v. Sunrise Senior Living Mgmt., Inc.*, No. 2:13-cv-02171-JAK-PLA, 2016 WL 6571270, at *18 (C.D. Cal. Mar. 21, 2016) (Court took judicial notice of two letters, each with a certified mail receipt.) Therefore, Lane County requests that the Court take judicial notice of the three Certified Mail Receipts, attached to the Declaration of Counsel as Exhibits 1, 2, and 3. Beebe Decl. Ex. 1-3.

### 2. Incorporation by Reference

On a Rule 12(b)(6) motion to dismiss, a trial court may properly consider documents incorporated in the complaint without converting the motion to dismiss motion into a motion for summary judgment. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Courts do so "in order to '[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based.'" *Swartz*, 476 F.3d at 763 (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)).

DEFENDANTS MILLER, SORIA, AND LANE COUNTY'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

A document is incorporated by reference when: (1) "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint"; (2) "the document's authenticity is not in question"; and (3) "there are no disputed issues as to the document's relevance." *Coto*, 593 F.3d at 1038; see *Reynoso v. Fid. Nat. Title Ins. Co.*, No. 3:13-cv-01600-HZ, 2013 WL 6919666, at *3 (D. Or. Dec. 31, 2013). In general, "a defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

The December 18, 2023 Notice of Failure to Comply, relied on by Plaintiffs in the Complaint, should be incorporated by reference herein. It is relied upon by Plaintiffs in their Complaint (*see* Compl. ¶ VI) and is relevant to their claims. For the Court's convenience, the December 18, 2023 Notice of Failure to Comply is attached as Exhibit 4 to the Declaration of Mallory R. Beebe, filed herewith. Beebe Decl. Ex. 4.

> **3.  Plaintiffs' claim is governed by a two-year statute of limitations.**

The statute of limitations for a due process claim is two years. The United States Supreme Court has held: "based upon the legislative history of § 1983 and the wide array of claims now embraced by that provision, … § 1983 'confer[s] a general remedy for injuries to personal rights.'" *Owens v. Okure*, 488 U.S. 235, 240 (1989) (citing *Wilson v. Garcia,* 471 U.S. 261, 278 (1985)). Section 1983 claims are best described as claims for personal injury, and thus a state's personal injury statute of limitations shall be applied to all claims brought under Section 1983. *Owens*, 488 U.S. at 240-241. *See also, Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims.")

The statute of limitations for personal injury actions in Oregon is two years: "an action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury." ORS 30.275(9). *See also*, ORS 12.110(1) ("An action for … any injury to the person or rights of another, not arising on contract … shall be commenced within two years.")

Accordingly, Plaintiffs' due process claim must have been brought within two years from the alleged loss or injury—here, the alleged loss is the imposition of fines and penalties. The certified mail records, susceptible to judicial notice, along with the December 18, 2023 Notice of Failure to Comply incorporated by reference, demonstrate that the fines and penalties at issue were imposed more than two years before Plaintiff filed this action on January 9, 2026.

**4.      Plaintiffs' claim is barred by the statute of limitations.**

Plaintiffs must allege facts sufficient to support each element of a due process claim—that is, that he had "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (cleaned up) (quoting *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)); *Soares v. City of Monterey*, No. 5:24-CV-05131-EJD, 2025 WL 1359122, at *5 (N.D. Cal. May 8, 2025). The facts alleged in the Complaint, along with Exhibits 1-4, are insufficient to support a timely claim of inadequate due process because they demonstrate that Plaintiffs were sent various notices, which provided them an opportunity to contest and appeal the penalties assessed. Plaintiffs' willful refusal to accept certified mail documents at their home does not allow them to claim inadequate due process more than two years later.

Plaintiffs allege that Lane County provided notice "by way of a Notice of Failure to Comply, dated December 18, 2023, which was defective on its face . . ." Compl. ¶ VI. To be clear,

Plaintiffs do not state in their Complaint that they never received this notice. Plaintiffs' reference in their Complaint to the December 18, 2023 notice demonstrates their awareness of its existence. Further, Plaintiffs admit that they were sent a notice. Compl. ¶ VI(a) ("Plaintiffs were only sent one 'joint' notice").

The Notice of Failure to Comply, which is attached as Exhibit 4, outlines the options Plaintiffs had for contesting the imposition of fines and penalties, including any alleged "defects" in the Notice. The December 18, 2023 Notice of Failure to Comply noted that civil penalties were being assessed for Lane Code violations and outlined Plaintiff's opportunity to appeal the violations and penalties, specifically stating "You may appeal this penalty." Beebe Decl. Ex. 4. The Notice outlined the process for appealing and stated that the penalty would "become final if no appeal [was] filed." *Id*. Thus, Plaintiffs were aware of the fines assessed by Lane County and their options for contesting the same as of December 18, 2023. This Complaint, filed more than two years later, is therefore untimely.[1]

Nonetheless, Plaintiffs vaguely assert that service of notices by Lane County was "not reasonably calculated [ ] to apprise Plaintiffs of the assessment of the civil penalty and their opportunity to contest same" for the following reasons:

"a.  Defendants never attempted to individually serve each of the Plaintiffs with their own notice. Rather Plaintiffs were sent only one "joint" notice addressed to them as follows: Jessica N. and Robert D. Bridges.

b.  The one joint notice that was sent was not sent by certified mail "restricted delivery."

---

[1] Defendants do not waive any argument they may later assert that Plaintiffs have failed to exhaust administrative remedies by failing to follow the administrative appeals process outlined in Lane Code Chapter 5, Section 5.025.

c. Upon return of the joint notice by the Post Office that could not be delivered the Defendants did not take any reasonable further measures to actually notify each of the Plaintiffs of their opportunity to contest the civil penalty."

Compl ¶ VI.

Due process does not require that notice occur precisely as outlined by Plaintiffs. There is no indication in the Complaint that Plaintiffs live separately or utilize different mailing addresses. In fact, the Complaint alleges that they both reside at the real property located at 83821 N. Enterprise Road in Lane County, Oregon. Compl. ¶ II. Nor does due process require that Lane County send certified mail "restricted delivery". Lane Code requires that notice be sent via regular and certified mail and says nothing about "restricted delivery." LC 5.025.025A.2; LC 5.025.025A.4. Plaintiffs offer no facts for the court to conclude that it was unreasonable for the County to send notices to their mailing address, which is also where they reside. Indeed, Plaintiffs do not claim that the notices were sent to the wrong address.

Prior to sending the December 18, 2023 Notice of Failure to Comply, Defendants had made numerous attempts to contact Plaintiffs, as evidenced by Exhibits 1-3. An Order to Comply was mailed to Plaintiff Jessica Bridges on May 18, 2023. That document was delivered to and accepted by an agent of Mrs. Bridges on May 20, 2023. Beebe Decl. Ex. 1. This Order to Comply was required to be sent by both regular mail and certified mail per Lane Code ("LC") 5.025.025A.2. There are no allegations that the regular mail was returned as undeliverable.

Two additional notices were sent to the Plaintiffs by certified mail—both of which were refused by Plaintiffs. *See* Beebe Decl. Ex. 2, 3. The first is an Order to Comply dated September 1, 2023, which was sent via regular mail and certified mail to Jessica and Robert Bridges at their address of 83821 N. Enterprise Rd., Pleasant Hill, OR 97455. Beebe Decl. Ex. 2. The Certified

Mail Return Receipt was returned to Defendants with a label from the United States Postal Service, stating "RETURN TO SENDER" and "REFUSED" dated September 17, 2023. *Id*. The word "Refused" is also handwritten in pink on the envelope. *Id*. This Order to Comply was likewise required to be sent by both regular and certified mail. LC 5.025.025A.2. There is no allegation in the Complaint that the regular mail was returned to Lane County.

On January 9, 2024, an Order of Civil Penalty was sent to Plaintiffs—again at their home address. Beebe Decl. Ex. 3. The Certified Mail Return envelope indicates that the mail could not be delivered. The statement "Ref" is handwritten in pink on the envelope, similar to the writing on Exhibit 2, indicating that this mailing was also refused. Beebe Decl. Ex. 2, 3. Plaintiffs cannot claim inadequate due process when they 1) received notice from Lane County about the assessment of fines and penalties, as demonstrated by Exhibit 1 and their pleading with regard to the December 18, 2023 notice, 2) refused to accept mailings from Lane County notifying them of the enforcement action and steps they could take in response, and 3) failed to plead any facts to support a claim that they did not receive the regular mail notices from Lane County. Exhibits 1 through 4 demonstrate that the Defendants made numerous attempts to provide Plaintiffs with notice and an opportunity to be heard. Their willful refusal to engage in the process does not create a claim for a due process violation more than two years after these notices were sent and either received or refused. Accordingly, Plaintiffs' Complaint should be dismissed.

## IV.    CONCLUSION

For the reasons stated herein, and pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Lane County's Motion to Dismiss should be granted as Plaintiffs' due process claim is untimely. Defendant Lane County respectfully requests that Plaintiff's claims be dismissed with prejudice.

Respectfully submitted this 18th day of March 2026.

s/ Mallory R. Beebe
Mallory R. Beebe, OSB #115138
Attorney for Defendants

# CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), because it contains 2,828 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

s/ Mallory R. Beebe
Mallory R. Beebe, OSB #115138
mallory.beebe@lanecountyor.gov
LANE COUNTY OFFICE OF LEGAL COUNSEL
Of attorneys for Defendants

<u>**CERTIFICATE OF SERVICE**</u>

I, Mallory R. Beebe, OSB #115138, hereby certify that I am the attorney for the Defendants, Lane County, Keir Miller, and Luis Soria herein; that I served the Plaintiffs the foregoing **MOTION TO DISMISS**, on the 18th day of March 2026, to the following:

Jessica Bridges
Robert Bridges
83821 N. Enterprise Rd.
Pleasant Hill, OR 97455
Hockey_princess2@yahoo.com;
rbridges0713@gmail.com

Plaintiffs


 XX  Postage prepaid and deposited in the United States Post Office at Eugene, Oregon.

_____ CM/ECF.

_____ Delivered personally by me or by a member of my staff.

 XX  Electronic Mail to Hockey_princess2@yahoo.com; rbridges0713@gmail.com

_____ Facsimile Transmission, fax #: _____.


By:  *s/ Mallory R. Beebe*
Mallory R. Beebe, OSB #115138
LANE COUNTY OFFICE OF LEGAL COUNSEL
125 East Eighth Avenue
Eugene, Oregon 97401
(541) 682-4442
mallory.beebe@lanecountyor.gov
 Of Attorneys for Defendants