FILED 07 APR '26 12:58 USDC-ORE

ROBERT D. BRIDGES

83821 N. Enterprise Rd

Pleasant Hill, OR 97455

541-331-4158

Rbridges0713@gmail.com

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

JESSICA N. BRIDGES and ROBERT D. BRIDGES, Case No. 6:26-cv-00051-AA

Plaintiffs,

v.

KEIR MILLER, LUIS SORIA, GARY DARNIELLE,

and LANE COUNTY, OREGON,

Defendants.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

I. INTRODUCTION

Plaintiffs Jessica N. Bridges and Robert D. Bridges ("Plaintiffs") respectfully submit this Opposition to Defendants' Motion to Dismiss. Defendants seek dismissal based on a statute of limitations argument that depends entirely on disputed factual assumptions regarding notice, delivery, and Plaintiffs' knowledge of the alleged violations and penalties. At the motion to dismiss stage, however, the Court must accept Plaintiffs' allegations as true and draw all reasonable inferences in their favor.

This case arises from Defendants' failure to provide constitutionally adequate notice and a meaningful opportunity to be heard before imposing substantial penalties and a lien on Plaintiffs' property. Plaintiffs actively communicated with Defendants, sought clarification, and reasonably believed the matter had been resolved. Plaintiffs did not receive clear or reliable notice of penalties or appeal rights and did not become aware of the true nature and extent of the deprivation until a later date.

Because Plaintiffs have plausibly alleged violations of due process, and because accrual is a fact-dependent issue that cannot be resolved on a motion to dismiss, Defendants' motion must be denied.

## II. FACTUAL BACKGROUND AND TIMELINE

For purposes of this motion, the facts must be viewed in the light most favorable to Plaintiffs:

### 1. Initial Communication (2023)

Plaintiffs became aware of a complaint regarding their property and promptly engaged with Lane County. Plaintiffs questioned the applicability of the cited Lane Code provisions to their EFU-40 zoning and requested clarification regarding compliance requirements.

### 2. Lack of Meaningful Response

Despite multiple communications, Plaintiffs did not receive meaningful responses addressing their concerns or clarifying what actions were required to comply.

### 3. Reasonable Belief Matter Was Resolved

Based on the County's lack of response and ongoing communications, Plaintiffs reasonably believed that the matter had been resolved or was no longer being pursued.

4. Alleged Notices (Late 2023 – Early 2024)

Defendants assert that notices were sent by mail. However:

- Some notices were returned or allegedly refused.

- Plaintiffs did not receive clear, actionable notice of penalties or appeal rights.

- Defendants took no additional reasonable steps to ensure actual notice.

5. January 9, 2024 Communication

Plaintiffs communicated their understanding that the matter had been resolved.

6. January 11, 2024 – First Awareness of Penalties

Plaintiffs first became aware of penalties and potential enforcement actions.

7. Later Discovery of Lien (2024)

Plaintiffs subsequently discovered that a lien had been placed on their property and learned the full extent of the penalties and deprivation.

8. Filing of Lawsuit (January 9, 2026)

Plaintiffs filed this action within two years of discovering the injury.

This timeline demonstrates that accrual did not occur in 2023 and, at minimum, presents factual disputes that cannot be resolved at the pleading stage.

III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint—not the merits of the case. The Court must:

- Accept all factual allegations as true.
- Draw all reasonable inferences in favor of the plaintiff.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

Dismissal based on a statute of limitations is appropriate only where it is clear from the face of the complaint that the claim is time-barred. Where accrual depends on disputed facts, dismissal is improper.

## IV. ARGUMENT

### A. ACCRUAL IS A FACTUAL ISSUE THAT CANNOT BE RESOLVED ON A MOTION TO DISMISS

A claim under 42 U.S.C. § 1983 accrues when a plaintiff knows or has reason to know of the injury forming the basis of the claim. Defendants incorrectly assume accrual occurred in 2023 based solely on the alleged mailing of notices. However, accrual depends on when Plaintiffs actually knew or reasonably should have known of the injury.

Here:

- Plaintiffs did not receive constitutionally adequate notice.
- Plaintiffs reasonably believed the matter had been resolved.
- Plaintiffs did not become aware of the lien and full deprivation until 2024.

Because accrual is fact-dependent, dismissal at this stage is improper.

## B. DEFENDANTS FAILED TO PROVIDE CONSTITUTIONALLY ADEQUATE NOTICE

Due process requires notice that is:

“reasonably calculated, under all the circumstances, to apprise interested parties” — Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

When the government becomes aware that its attempt at notice has failed, it must take additional reasonable steps — Jones v. Flowers, 547 U.S. 220, 230 (2006). Defendants acknowledge:

- Some notices were returned.
- Some notices were allegedly refused.

Despite this knowledge, Defendants:

- Took no additional reasonable steps.
- Relied on failed delivery attempts.

Under Jones, this is constitutionally insufficient.

## C. PLAINTIFFS WERE DENIED A MEANINGFUL OPPORTUNITY TO BE HEARD

Due process requires both notice and a meaningful opportunity to respond. Plaintiffs:

- Engaged with the County.

- Requested clarification.

- Attempted to understand compliance requirements.

Defendants:

- Failed to provide clear guidance.

- Failed to respond meaningfully.

- Proceeded with enforcement and penalties.

This deprived Plaintiffs of a meaningful opportunity to contest the alleged violations.

D. DEFENDANTS' MOTION IMPROPERLY RELIES ON DISPUTED FACTS

Defendants' motion relies on assertions that:

- Plaintiffs received notice.

- Plaintiffs refused delivery.

- Plaintiffs were aware of penalties.

These are disputed factual issues. At the motion to dismiss stage, the Court may not:

- Weigh evidence.
- Resolve factual disputes.
- Make credibility determinations.

Defendants' motion improperly asks the Court to do so.

E. THE CONTINUING NATURE OF THE HARM SUPPORTS TIMELINESS

The lien and penalties imposed by Defendants:

- Continued to affect Plaintiffs' property rights into 2024 and beyond.

This constitutes:

- Ongoing harm.
- A continuing deprivation.

Thus, Plaintiffs' claims are timely even apart from delayed accrual.

F. LEAVE TO AMEND SHOULD BE GRANTED IF NECESSARY

If the Court finds any deficiency in the Complaint, Plaintiffs respectfully request leave to amend. Federal courts strongly favor resolving cases on the merits rather than dismissing claims at the pleading stage.

V. CONCLUSION

Defendants' Motion to Dismiss is based on disputed facts and an incorrect application of the statute of limitations. Plaintiffs have plausibly alleged:

- Lack of constitutionally adequate notice.
- Denial of due process.
- Timely accrual of their claims.

For these reasons, Plaintiffs respectfully request that the Court:

- DENY Defendants' Motion to Dismiss in its entirety, or
- In the alternative, grant Plaintiffs leave to amend.

DATED: April 4, 2026

Respectfully submitted,

/s/ Robert D. Bridges

Robert D. Bridges

Plaintiff, Pro Se

/s/ Jessica N. Bridges

Jessica N. Bridges 4/6/26

Plaintiff, Pro Se

83821 N. Enterprise Rd

Pleasant Hill, OR 97455