MALLORY R. BEEBE, OSB #115138
mallory.beebe@lanecountyor.gov
LANE COUNTY OFFICE OF LEGAL COUNSEL
125 East Eighth Avenue
Eugene, OR 97401-2992
Phone: (541) 682-4442
*Of Attorneys for Lane County, Keir Miller, and Luis Soria*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JESSICA N. BRIDGES and ROBERT D. BRIDGES,<br><br>Plaintiffs,<br><br>v.<br><br>KEIR MILLER, LUIS SORIA, GARY DARNIELLE and LANE COUNTY, OREGON,<br><br>Defendants. | Case No. 6:26-cv00051-AA<br><br>DEFENDANTS MILLER, SORIA, AND LANE COUNTY'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>REQUEST FOR ORAL ARGUMENT |

Defendants Lane County, Keir Miller, and Luis Soria (hereinafter "Lane County Defendants" or "Defendants") hereby file their Reply in support of the Motion to Dismiss Plaintiffs' Complaint. This Reply is intended to address Plaintiffs' Opposition to Defendants' Motion to Dismiss filed April 7, 2026 (ECF 17), Plaintiffs' Amended Opposition to Defendants' Motion to Dismiss with Declaration and Exhibits filed April 15, 2026 (ECF 18), and the Declaration of Plaintiffs in Opposition of Motion to Dismiss Complaint filed on April 20, 2026 (ECF 19).

## I. MEMORANDUM OF LAW

### A. <u>Judicial Notice and Incorporation by Reference</u>

Plaintiffs do not object to or oppose the Defendants' request for judicial notice. Therefore, these arguments have been waived. *See Bolbol v. City of Daly City*, 754 F. Supp. 2d 1095, 1115 (N.D. Cal. 2010) (Finding that the plaintiff's failure to address an issue in her opposition brief was a concession of the issue.) Accordingly, the Court should take judicial notice of the following, pursuant to Federal Rule of Evidence 201(c)(2):

1. A Certified Mail Receipt showing mailing of an Order to Comply dated May 18, 2023 to Jessica Bridges at her address of 83821 N. Enterprise Rd., Pleasant Hill, OR 97455, along with the Certified Mail Return Receipt showing that the Order was received on May 20, 2023 by a person representing themselves as an agent of Jessica Bridges at Jessica Bridges' residence, 83821 N. Enterprise Rd., Pleasant Hill, OR 97455. For the Court's convenience, this is attached as Exhibit 1 to the Declaration of Mallory R. Beebe, filed with Defendants' Motion to Dismiss. Beebe Decl. (ECF 14) Ex. 1.

2. A Certified Mail Receipt showing mailing of an Order to Comply dated September 1, 2023 to Jessica and Robert Bridges at their address of 83821 N. Enterprise Rd., Pleasant Hill, OR 97455, along with the Certified Mail Return Receipt with a label from the United States Postal Service which states "RETURN TO SENDER, REFUSED, UNABLE TO FORWARD" dated September 17, 2023. For the Court's convenience, this is attached as Exhibit 2 to the Declaration of Mallory R. Beebe, filed with Defendants' Motion to Dismiss. Beebe Decl. (ECF 14) Ex. 2.
3. A Certified Mail Receipt showing mailing of an Order of Civil Penalty dated January 9, 2024 to Jessica and Robert Bridges at their address of 83821 N. Enterprise Rd., Pleasant Hill, OR 97455, along with the Certified Mail Return Receipt with a label from the United States Postal Service which states "RETURN TO SENDER" dated January 20, 2024. For the Court's convenience, this is attached as Exhibit 3 to the Declaration of Mallory R. Beebe, filed with Defendants' Motion to Dismiss. Beebe Decl. (ECF 14) Ex. 3.

Similarly, the Court should incorporate by reference the December 18, 2023 Notice of Failure to Comply, relied on by Plaintiffs in the Complaint, and attached as Exhibit 4 to the Declaration of Mallory R. Beebe, filed with the Defendants' Motion to Dismiss. Beebe Decl. (ECF 14) Ex. 4. Plaintiffs do not object to this notice being incorporated by reference and therefore the Court should consider the December 18, 2023 Notice. *See, Bolbol*, 754 F. Supp. 2d at 1115.

**B. Plaintiffs allege facts and cite to exhibits which are outside the Complaint – these should be excluded from the Court's consideration**

Plaintiffs attached a number of exhibits to their various responsive pleadings. Defendants request that the Court exclude these from its consideration. Fed. R. Civ. P. 12(d). This includes the following:

1. The facts alleged in Plaintiffs' Opposition to Defendants' Motion to Dismiss filed on April 7, 2026 which are not also alleged in Plaintiffs' Complaint;
2. The Declaration of Robert Bridges and exhibits submitted with Plaintiffs' Amended Opposition to Defendants' Motion to Dismiss, filed on April 15, 2026; and
3. The Declaration of Plaintiffs in Opposition of Motion to Dismiss and exhibits submitted therewith, filed on April 20, 2026.

The Court should not treat Defendants' motion as a Motion for Summary Judgment. Defendants sought judicial notice and incorporation by reference of Exhibits 1 through 4 but have not had an adequate opportunity to present complete evidence in support of their arguments.

**C. Plaintiffs' Complaint Fails to State a Claim for a Due Process Violation**

The statute of limitations that governs Plaintiffs' due process claim is two years. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007); Or. Rev. Stat. § 30.275(9). The statute of limitations began to run two years from the alleged loss or injury—here, the alleged loss is the imposition of fines and penalties.[1] The certified mail records,

[1] The Notice of Failure to Comply specifically states that "Your failure to comply has resulted in a civil penalty being assessed against you." Beebe Decl. (ECF 14) Ex. 4. It goes on to state that the penalties will continue to accrue for each day that the violation continues. *Id.* The imposition of these penalties triggered the running of the statute of limitations. Notably, the Notice also states how the property owner may appeal the penalty. *Id.*

susceptible to judicial notice, along with the December 18, 2023 Notice of Failure to Comply incorporated by reference, demonstrate that the fines and penalties at issue were imposed more than two years before Plaintiffs filed this action on January 9, 2026. Beebe Decl. (ECF 14) Exs. 1-4. The facts alleged in the Complaint, along with Exhibits 1-4 demonstrate that the Defendants took reasonable steps to provide notice to Plaintiffs more than two years before their filing and that Defendants did not violate Plaintiffs' due process rights.

To be clear, due process does not require that a property owner receives actual notice before the government proceeds with its action. *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, due process requires that the government provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Notice will be deemed constitutionally sufficient so long as it was reasonably calculated to reach the intended recipient when sent. *Id.* Further, even if a letter is returned by the post office, the government cannot be faulted if there were no reasonable additional steps the government could have taken upon return of the unclaimed notice letter. *Id.* at 234.

In the present case, Plaintiffs do not allege that Defendants sent notices to the wrong address or that they did not live at the property where the notices were sent. Indeed, Plaintiffs' Complaint confirms that the notices were sent to their correct address—that is, 83821 N. Enterprise Rd., Pleasant Hill, OR 97455. Although the evidence offered by Plaintiffs in their responses was improperly submitted, it is worth noting that it does not support their claim here of inadequate due process. Plaintiffs do not declare or state in their several responses that they never refused certified mailings or purposely leave mail unclaimed. In fact, all of the notices from Lane County were sent by both certified mail and regular mail, as required by Lane Code Chapter ("LCC") 5. LCC

5.025.025A.2 requires that documents related to code enforcement be "served on the property owner by ***regular*** and certified mail at the address shown on the current Lane County assessment records." (Emphasis added). There is no indication in Plaintiffs' Complaint or their submitted evidence that the notices sent by regular mail were returned. Indeed, based on all facts presented thus far, Plaintiffs' home address is the one all Lane County notices were sent to. *See, e.g*. Beebe Decl. (ECF 14) Exs. 1-3. The County did not receive an address forwarding notification or other information from Plaintiffs that their address had changed.[2] Plaintiffs' refusal to accept certified mail and to review regular mail sent to them does not amount to a due process violation.

Plaintiffs essentially claim that the County needed to personally serve them or send the notices by certified mail "restricted delivery". However, due process does not require such extreme measures. Rather, due process requires that the government take reasonable steps to apprise the intended recipient of the action it is taking. *Jones,* 547 U.S. at 226. Where there is no indication that re-mailing or mailing to a different address would apprise the recipient of the action, as was the case here, no additional steps were required. *Id.* at 234. Due process does not require the Defendants to personally ensure that its notices are received by Plaintiffs. Here, Defendants did not have knowledge of a better address to reach Plaintiffs but did have information indicating that Plaintiffs were purposefully evading delivery—by not claiming and refusing certified mail. Nor are there any facts plead to indicate that the notices sent by regular mail were returned as undeliverable. Additional steps were not practical for the Defendants to take under these circumstances and were therefore not required by the Due Process clause. The facts alleged in the

---

[2] It was Plaintiffs' responsibility to update the County if their address changed. Or. Rev. Stat. § 308.212(1) provides, "[a]ny person who owns real property located in any county shall notify the county assessor for the county where the property is located of that owner's current address and, within 30 days of the change, shall notify the assessor of any change of address."

Complaint, in consideration with Exhibits 1-4, demonstrate that the Defendants took reasonable steps to apprise Plaintiffs of the violations and imposition of fines and penalties more than two years before this action was filed. Accordingly, Defendants request that Plaintiffs' Complaint be dismissed for failure to state a claim, with prejudice.

To the extent Plaintiffs are claiming that they first became aware of the December 18, 2023 Notice on January 11, 2024, their recourse was to contest the imposition of fines and penalties per the process laid out in the Notice. *See* Beebe Decl. (ECF 14) Ex. 4. If the Court does not grant this Motion, Defendants request that the Plaintiffs be ordered to amend their Complaint to state the date of alleged discovery. Defendants intend to move to dismiss on other grounds, namely that Plaintiffs' claims are governed by ORS 34.010 *et seq*. which required them to file a writ of review to challenge the County's determination within 60 days. Or. Rev. Stat. § 34.030.

## II. CONCLUSION

For the reasons stated herein, and pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants request that their Motion to Dismiss be granted as Plaintiffs' due process claim is untimely. Defendants have met their obligations under the Constitution and Plaintiffs have failed to state a claim for relief. Defendants respectfully request that Plaintiffs' claims be dismissed with prejudice.

Respectfully submitted this 29th day of April 2026.

*s/ Mallory R. Beebe*
Mallory R. Beebe, OSB #115138
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I, Mallory R. Beebe, hereby certify that I am the attorney for the Defendants, Lane County, Keir Miller, and Luis Soria herein; that I served the Plaintiffs the foregoing **DEFENDANTS MILLER, SORIA, AND LANE COUNTY'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**, on the 29th day of April 2026, to the following:

Jessica Bridges
Robert Bridges
83821 N. Enterprise Rd.
Pleasant Hill, OR 97455
Hockey_princess2@yahoo.com;
rbridges0713@gmail.com

Plaintiffs

_XX_ Postage prepaid and deposited in the United States Post Office at Eugene, Oregon.

_____ CM/ECF.

_____ Delivered personally by me or by a member of my staff.

_XX_ Electronic Mail to Hockey_princess2@yahoo.com; rbridges0713@gmail.com

_____ Facsimile Transmission, fax #: ___________________.

By: *s/ Mallory R. Beebe*
Mallory R. Beebe, OSB #115138
LANE COUNTY OFFICE OF LEGAL COUNSEL
125 East Eighth Avenue
Eugene, Oregon 97401
(541) 682-4442
mallory.beebe@lanecountyor.gov
Of Attorneys for Defendants