**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**EUGENE DIVISION**

JESSICA N. BRIDGES;
ROBERT D. BRIDGES,

Plaintiffs,

v.

KEIR MILLER; LUIS SORIA;
GARY DARNIELLE; LANE COUNTY,
OREGON,

Defendants.

Civ. No. 6:26-cv-00051-AA

**OPINION & ORDER**

---

AIKEN, District Judge:

Self-represented Plaintiffs Jessica N. Bridges and Robert D. Bridges bring a 42 U.S.C. § 1983 claim against Defendants Keir Miller, Luis Soria, Gary Darnielle, and Lane County, Oregon (collectively "Defendants"). Compl., ECF No. 1. Defendants move to dismiss the claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion, ECF No. 13, is GRANTED.

**BACKGROUND**

Plaintiffs bring a section 1983 claim for violation of their Fourteenth Amendment Due Process rights. Compl. ¶ I. "Plaintiffs are husband and wife[] and are residents at the real property located at 83821 N. Enterprise Rd in Lane County Oregon." Compl. ¶ II. "Plaintiffs are also owners of a parcel of real property adjacent

to said residence described as Lane County Assessor's Map and Tax Lot 19-02-03-00-00700" ("Tax Lot 700"). *Id.*

Plaintiffs allege that Defendants attempted to serve on Plaintiffs a Notice of Failure to Comply with Lane Code 9.057.582, dated December 18, 2023. *Id.* ¶¶ V, VI. Plaintiffs allege that the citation included a civil penalty of $54,600 and "required Plaintiffs to remove ALL their inoperable vehicles from their property[.]" *Id.* Plaintiffs contend that the notice "was defective on its face as it incorrectly stated [the code requirements]." *Id.* ¶ VI.

Plaintiffs also contend that delivery was defective because "Plaintiffs were sent only one 'joint' notice addressed to them as follows: Jessice [sic] N. and Robert D. Bridges." *Id.* "Defendants never attempted to individually serve each of the Plaintiffs with their own notice." *Id.* Plaintiffs also allege that the notice "was not sent by certified mail 'restricted delivery.'" *Id.* Finally, Plaintiffs allege that "[u]pon return of the joint notice by the Post Office that could not be delivered the Defendants did not take any reasonable further measures to actually notify each of the Plaintiffs of their opportunity to contest the civil penalty." *Id.* Plaintiffs seek money damages and declaratory and injunctive relief. *Id.* ¶ VII.

## LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's allegations, a court must accept a plaintiff's allegations of fact as true and construe them in the light most favorable to the

plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). But a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation" of the action's elements. *Id.* (internal quotation marks and citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

To survive a motion to dismiss, a pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the [complaint's] allegations . . . show that relief is barred by the applicable

statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

**DISCUSSION**

Self-represented Plaintiffs bring a § 1983 claim. Compl. ¶ I. Plaintiffs contend that Defendants violated their Fourteenth Amendment Due Process rights by "obtain[ing] [a] civil penalty and lien against [them] and thereby depriv[ing] [them] of their property by failing to provide them with adequate notice of the assessment of civil penalty and opportunity to contest same." Compl. ¶ VI. Defendants move to dismiss the Complaint as time barred. Def. Mot. at 5. Defendants also seek to incorporate by reference the December 18, 2023 Lane County Notice of Failure to Comply and request that the Court take judicial notice of three certified mail receipts. Def. Mot. at 3, 4.

Generally, when assessing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6), a court may not consider material outside the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) "When 'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56." *Id.* (quoting Fed. R. Civ. P. 12(d)). "Then, both parties must have the opportunity to present all the material that is pertinent to the motion." *Id.* (internal citation and quotation marks omitted). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." "Both

of these procedures permit district courts to consider materials outside a complaint[.]" *Id.*

I. *Incorporation by Reference*

Defendants seek to incorporate by reference the December 18, 2023 Lane County Notice of Failure to Comply directed to Plaintiffs. Def. Mot. at 5; Beebe Decl. ¶ 5, Ex. 4, (December 18, 2023 Lane County Notice of Failure to Comply), ECF No. 14 at 17. "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "The [incorporation by reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

Here, the December 18, 2023 Lane County Notice of Failure to Comply is the basis of Plaintiffs' Complaint, and Plaintiffs rely extensively on that document in their Complaint. Accordingly, it is incorporated by reference and is considered as part of the Complaint.

II. *Judicial Notice*

Defendants request that the Court take judicial notice of three certified mail receipts and Lane County notices directed to Plaintiffs at the address that the Complaint identifies as Plaintiffs' residence. Def. Mot. at 3; Beebe Decl. ¶¶ 1–4, Exs. 1, 2, 3, ECF No. 14 at 4–16.

Under Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts take judicial notice of certified mail receipts because, as standardized United States Postal Service forms, their accuracy cannot reasonably be questioned. *See, e.g.*, *Hernandez v. Houdini, Inc.*, No. SA CV 16-1825-DOC (JCGx), 2017 WL 8223987, at *3 (C.D. Cal. Mar. 21, 2017) (taking judicial notice of a certified mail receipt); *Shiferaw v. Sunrise Senior Living Mgmt., Inc.*, No. 2:13-cv-02171-JAK-PLA, 2016 WL 6571270, at *18 (C.D. Cal. Mar. 21, 2016) (taking judicial notice of two certified mail receipts). A court may take judicial notice of "matters of public record," but a court may not take judicial notice of a fact that is subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Here, as to the certified mail receipts, the Court takes judicial notice of the date, name of sender, name of addressee, delivery address, and disposition—all of which are documented by the United States Postal Service on the receipts. As to the Lane County notices that are matters of public record, the Court takes judicial notice not of the truth of the content, but of the dates, the captions indicating to whom such notices were directed, and the subject matter.

III. *Statute of Limitations*

Defendants contend that Plaintiffs' claim is barred by the two-year statute of limitations. Def. Mot. at 5. Plaintiffs contend that they "first became aware of

penalties and potential enforcement actions" on January 11, 2024. Pl. Resp. at 4, ECF No. 17. Plaintiffs filed this action on January 9, 2026.

A two-year statute of limitations governs Plaintiffs' claims. Because 42 U.S.C. § 1983 does not contain its own statute of limitations, Ninth Circuit courts apply the forum state's statute of limitations for personal injury actions. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F. 3d 1191, 1198 (9th Cir. 2014). In Oregon, personal injury claims must be commenced within two years of the injury. *See* ORS § 12.110(1). Plaintiff's § 1983 claims are thus subject to a two-year statute of limitations

The accrual of a § 1983 claim is governed by federal, not state, law. *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 581 (2012). Under federal law, a claim accrues, that is, the statute of limitations begins to run, "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008). "[O]nce a plaintiff knows that harm has been done to him, he must 'determine within the period of limitations whether to sue or not, which is precisely the judgment that other tort claimants must make.'" *Id.* (quoting *Davis v. United States*, 642 F.2d 328, 331 (9th Cir. 1981)). "[T]he claim accrues upon awareness of the actual injury, . . . not when the plaintiff suspects a legal wrong." *Lukovsky*, 535 F.3d at 1049.

Here, Plaintiffs allege that they were harmed by the imposition of a civil penalty. Compl. ¶ VI. The County imposed that penalty of $780 per day, starting on December 21, 2023. Ex. 4, December 18, 2023 Lane County Notice of Failure to

Comply. Plaintiffs thus incurred the injury on December 21, 2023. Plaintiffs filed this action more than two years later on January 9, 2026. The question before the Court is when Plaintiffs "knew or in the exercise of reasonable diligence should have known" of the injury.

Before the County imposed the civil penalty, it sent Plaintiffs a series of notices. The County first sent to Plaintiff Jessica Bridges at the address the Complaint identifies as Plaintiffs' residence, notice of the code violation and Order to Comply, dated May 18, 2023, by regular and certified mail.[1] Ex. 1. The Order to Comply warned of impending penalty for noncompliance:

> **YOU ARE HEREBY ORDERED** as follows:
>
> On or before ***June 8, 2023,*** you must have removed all solid waste, debris and discarded vehicle parts from the property[.]
>
> If you fail to comply with this ORDER, you will become subject to a Notice of Failure to Comply, including a penalty up to $2,000 per day.
>
> If you have any questions concerning this ORDER or would like to request an inspection to demonstrate compliance, you may contact Aaron Staniak at 541-682-3525 or aaron.staniak@lanecountyor.gov.

*Id.* The certified mail receipt shows that, on May 20, 2023, Plaintiff Jessica Bridges or her agent signed to accept the letter containing the May 18, 2023 notice at Plaintiffs' residence. *Id.*

---

[1] Under Lane Code 5.025.025A.2, documents related to code enforcement must be "served on the property owner by regular and certified mail at the address shown on the current Lane County assessment records." Plaintiffs do not say what happened to the notices the County sent by regular mail.

The County then sent to Jessica and Robert Bridges, at the same address, a second notice of the code violation and Order to Comply, dated September 17, 2023, by regular and certified mail. Ex. 2. The Order to Comply again warned of impending penalty for noncompliance:

> **YOU ARE HEREBY ORDERED** as follows:
>
> On or before **September 19, 2023** you must have removed all inoperable vehicles from the property and not relocate them to Assessor's Map **19-02-03** and Tax Lot **706** to prevent further compliance action.
>
> If you fail to comply with this ORDER, you will become subject to a Notice of Failure to Comply, including a penalty up to $2,000 per day.
>
> If you have any questions concerning this ORDER or would like to request an inspection to demonstrate compliance, you may contact Luis Soria at 541-682-3525 or luis.soria@lanecountyor.gov.

*Id.* A certified mail receipt shows that, on September 17, 2023, the letter was returned with the USPS label "RETURN TO SENDER, REFUSED, UNABLE TO FORWARD." *Id.* Handwritten in pink on the envelope is the word "Refused," indicating that Plaintiffs refused the letter. *Id.*

Finally, the County sent to Jessica and Robert Bridges a Notice of Failure to Comply, dated December 18, 2023. Ex. 4. That Notice stated, in relevant part:

> You have been assessed a civil penalty of $780.00 per day, beginning on December 21, 2023 and continuing until the violations of Lane Code 9.057.582, Nuisance Vehicle Storage have been corrected at the property located at Assessor's Map and Tax Lot 19-02-03-00-00700.
>
> . . .
>
> You may appeal this penalty. To do so, you must . . .

*Id.*

A copy of the envelope shows that the notice was sent by certified mail on December 19, 2023 to Jessica N. and Robert D. Bridges at the address that Plaintiffs identify as their residence. Affixed to the envelope is a USPS label "RETURN TO SENDER, UNCLAIMED, UNABLE TO FORWARD," dated January 29, 2024. Plaintiff's Exhibit,[2] ECF No. 19 at 4. *Id.* Plaintiffs contend that the December 18, 2023 Notice of Failure to Comply was defective because the County sent only "one joint notice[,]" because the Notice was not sent by "certified mail 'restricted delivery[,]'" and because Defendants failed to take additional measures to notify Plaintiffs "[u]pon return of the joint notice by the Post Office that could not be delivered[.]" Compl. ¶ VI. The Court infers from Plaintiffs' statement that Plaintiffs refused or failed to claim the December 18, 2023 notice that was, like the other notices, sent by certified mail to Plaintiffs' residence.

Given the May 2023 notice (warning of impending penalty) that Plaintiffs received and given that Plaintiffs refused the September 2023 certified mail notice (again warning of impending penalty) and given that Plaintiffs likely refused or failed to claim the December 18, 2023 certified mail notice—notice that the penalty would be imposed starting December 21, 2023—the Court concludes that Plaintiffs knew or should have known, had they exercised reasonable diligence, of the civil penalty when it was first imposed on December 21, 2023. Plaintiffs' refusal to accept certified mail from the County, especially after having accepted the first notice and knowing that

[2] The Court takes judicial notice of the envelope's pre-printed certified mail markings, USPS stamp that shows date of mailing, the sender, the addressee, and the USPS return label affixed to the front of the envelope.

the County considered them to be in violation of the Lane Code, shows that Plaintiffs did not exercise due diligence.

Plaintiffs respond that they "first became aware of penalties and potential enforcement actions" on January 9, 2024. Pl. Resp. at 4. Yet Plaintiffs also respond that they "became aware of a complaint regarding their property and promptly engaged with Lane County," in 2023 and had "multiple communications" with the County but "did not receive meaningful responses addressing their concerns or clarifying what actions were required to comply." *Id.* at 3. Given the mailed notices, one of which was signed for by Jessica Bridges or her agent on May 20, 2023; the "multiple communications" with the County; and Plaintiffs' awareness that they were in violation of Lane Code, the Court concludes that Plaintiffs knew or should have known, had they exercised reasonable diligence, of the civil penalty when it was first imposed on December 21, 2023. Plaintiffs' alleged injury thus accrued on December 21, 2023, and the limitations period ended on December 21, 2025. Plaintiffs filed this action on January 9, 2026, which is outside the two-year statute of limitations period. Accordingly, the Court grants Defendants' Motion.

In their Response, Plaintiffs appear to allege a related but different injury than what they alleged in their Complaint. Pl. Resp., ECF No. 17. *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, a court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant

is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.* For this reason, Plaintiffs are granted leave to amend their Complaint.

## CONCLUSION

For the reasons explained above, Defendants' Motion, ECF No. 13, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiffs shall have thirty days from the date of this Order to file an amended complaint. Plaintiffs are advised that failure to file an amended complaint within the allotted time will result in dismissal of the case without further notice.

It is so ORDERED and DATED this 22nd day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge